**SIGNED this 12th day of March, 2019**

                                                  Shelley D. Rucker
                                        UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| River City Resort, Inc., | ) | No. 1:14-bk-10745-SDR |
| | ) | Chapter 7 |
| Debtor; | ) | |
| | ) | |
| James L. Henry, | ) | Adv. No. 1:18-ap-1029-SDR |
| | ) | |
| Plaintiff; | ) | |
| v. | ) | |
| | ) | |
| B. Allen Casey, individually, and | ) | |
| d/b/a Allen and Emma Partnership | ) | |
| with Emma P. Casey, | ) | |
| | ) | |
| Defendants; | ) | |
| | ) | |
| Jerrold D. Farinash, Trustee, | ) | |
| | ) | |
| Intervenor-Defendant; | ) | |
| | ) | |
| v.    James L. Henry, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM

Pending before the court is the plaintiff's motion to reconsider the court's order allowing the trustee to intervene in this adversary proceeding. [Doc. No. 58]. The court has jurisdiction

over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(N) and (O). These are the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7052. For the reasons stated below, the court will deny the plaintiff's motion.

### I.    Background Facts and Procedural History

Mr. Henry ("the plaintiff") originally filed this case in the Chancery Court for Hamilton County on July 13, 2018, against the "Casey Family Partnership of Emma Casey, Lynn Casey, Elizabeth Casey, individually, jointly and severally d/b/a Casey Family Partnership and American River Development, LLC; and American River Development, LLC." [Doc. 1-2, at Ex. 2, p. 2]. The case was removed to this court on August 13, 2018. [Doc. No. 1]. On August 14, 2018, Mr. Farinash, the chapter 7 trustee for the jointly administered estates of River City Resort, Inc. ("RCR") and Cornerstone of River City, LLC, filed a motion to intervene. [Doc. No. 3].

The plaintiff subsequently dismissed "American River Development, LLC, Lynn Casey, Elizabeth Casey, individually, jointly and severally d/b/a Casey Family Partnership" and amended his complaint twice. [Doc. Nos. 12, 24, 43]. Following these, amendments, the plaintiff's complaint named as defendants "Emma P. Casey and B. Allen Casey, individually, jointly, severally, d/b/a Casey Family Partnership." [Doc. No. 43].

On January 3, 2019, the court delivered an oral opinion granting the trustee's motion to intervene. In reaching its decision, the court applied Federal Rule Civil Procedure 24(a), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7024, as well as the four elements that the Sixth Circuit Court of Appeals has explained must be satisfied before a party will be permitted to intervene as a matter of right. Those elements are: "(i)

timeliness of the motion to intervene,[1] (ii) the movant's substantial legal interest, (iii) the impairment of the movant's ability to protect that interest in the absence of intervention, and (iv) inadequate representation of that interest by the existing parties." *United Methodist Publ'g House Inc. v. Family Christian, LLC (In re Family Christian, LLC)*, 530 B.R. 417, 423 (W.D. Mich. 2015) (citing *Harker v. Troutman (In re Troutman Enters., Inc.)*, 286 F.3d 359, 363 (6th Cir. 2002); *Stupak–Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000)).

The court found that the plaintiff's partnership theory of liability encroached on prior settlement and sale orders of this court to which the trustee was a party. [Oral opinion delivered on January 3, 2019, at 11:25:42–11:26:39, 11:31:45–11:32:13]. The court explained that to the extent the plaintiff sought to relitigate those issues, the trustee would have a significant legal interest in any such lawsuit. [*Id.*]. As to the trustee's ability to protect against impairment, the court found this element was met because the trustee faced significant legal liability due to potential indemnity claims, yet no other party could present the same defenses available to the trustee. [*Id.* at 11:32:15–11:33:36]. Finally, the court found that because Mrs. Casey had assigned and transferred to the trustee her claims, rights, and causes of action against the plaintiff, only the trustee could assert any claim that Mrs. Casey may have against the plaintiff on her behalf or on behalf of the estate. [*Id.* at 11:33:38–11:35:06]. Consequently, the trustee was inadequately represented by existing parties because Mrs. Casey could not fully defend the claims made by the plaintiff without the trustee's participation. [*Id.*]. The court also noted that were the trustee not allowed to intervene, a risk of inconsistent verdicts as to the amount of the plaintiff's claim could arise because Mrs. Casey no longer holds any counterclaims. [*Id.* at 11:35:06–11:35:18]. Based on these findings, the court concluded that the trustee had

---

[1] In its oral opinion, the court noted that the timeliness of the trustee's motion to intervene was not at issue.

3

demonstrated each element by a preponderance of the evidence and, therefore, granted the trustee's motion to intervene by order entered January 7, 2019. [Doc. No. 52].

On January 10, 2019, the plaintiff filed a motion to amend complaint in order to file the fourth version of his complaint. [Doc. No. 56]. On January 17, 2019, the plaintiff filed the instant motion to reconsider, arguing that if the court permitted him to amend his complaint, the court's rationale for allowing the trustee to intervene would no longer be applicable following such amendment. [Doc. No. 58]. On February 22, 2019, the court granted the plaintiff's motion to amend [Doc. No. 61], and on February 25, 2019, the plaintiff amended his complaint. [Doc. No. 64]. Following this amendment, the named defendants in the style of the case are now "B. Allen Casey, individually, and d/b/a Allen and Emma Partnership with Emma P. Casey." [Doc. No. 64, at 1]. The plaintiff contends that he has "remove[d]" his claims against Emma Casey, in her individual capacity, as a named defendant, although the court notes that she is still named as a defendant in the body of the complaint pursuant to Federal Rule of Civil Procedure 19(a). [Doc. No. 58, at 1; Doc. No. 64, at ¶ 2]. In addition, the complaint seeks to impose a resulting or constructive trust on Mrs. Casey's property to the extent of Mr. Casey's interest in the property. [Doc. No. 64, at 12-13]. Both the trustee and Mrs. Casey filed responses opposing the plaintiff's motion to reconsider, and the plaintiff filed replies thereto. [Doc. Nos. 59, 66, 68-69]. At a hearing held on March 7, 2019, the court heard the arguments of counsel.

**II.    Standard of Review**

The court's order granting the trustee's motion to intervene is interlocutory in nature because it does not dispose of the case in its entirety. Although the Federal Rules of Civil Procedure do not specifically address reconsideration of interlocutory orders, the Sixth Circuit has explained that a district court has authority under the common law as well as Rule 54(b) "to

reconsider interlocutory orders and to reopen any part of a case before entry of final judgment."[2] *Rodriguez v. Tenn. Laborers Health and Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004). A district court "may modify, or even rescind, such interlocutory orders." *Mallory v. Eyrich,* 922 F.2d 1273, 1282 (6th Cir. 1991). The standard for determining whether to reconsider an interlocutory order is whether there is: "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez,* 89 F. App'x at 959 (citing *Reich v. Hall Holding Co.,* 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

### III. Analysis

The plaintiff's argument is that the court should reconsider allowing the trustee to intervene because the plaintiff has removed his claims against Emma Casey in the latest iteration of his complaint. [Doc. No. 58, at 1]. The plaintiff posits that "this removal also removes the factual and legal basis" for the court's order allowing intervention. [*Id.*]. With respect to the standard for reconsideration, the plaintiff argues that this change to his complaint "eliminates the Rule 24(a) controlling law and [the] Trustee's interest and 'standing' under Rule 24(a)." [*Id.* at 6]. The plaintiff also argues that the "removal of his claims [against] Emma Casey may be new evidence and argument not previously available which eliminates the factual and legal grounds that the Court based its ruling on[.]" [*Id.* at 6-7]. Finally, the plaintiff argues that, in light of his amended complaint, the motion to reconsider is "intended . . . to prevent or to correct error of fact or law" in the court's prior order. [*Id.* at 7].

The court is not persuaded by the plaintiff's arguments for reconsideration. The substance of the plaintiff's motion amounts to a reargument of his objection to the trustee's intervention in

---

[2] Rule 54(b) is made applicable to this adversary proceeding by Rule 7054 of the Federal Rules of Bankruptcy Procedure.

5

light of his filing an amended complaint. However, the plaintiff has failed to demonstrate that reconsideration is warranted due to an intervening change of controlling law, new available evidence, or a need to correct clear error or prevent manifest injustice.

The court has reviewed the plaintiff's fourth amended complaint in detail and finds that its factual allegations do not differ significantly from those made in the prior third amended complaint on which the court based its decision to allow the trustee to intervene.

The plaintiff's fourth amended complaint changes some defined terms but not their meanings. For example, the name of the alleged partnership between Allen and Emma Casey is changed from the "Casey Family Partnership" to the "Allen and Emma Partnership." [*Compare* Doc. No. 43, at 1, *with* Doc. No. 64, at 1]. The defined term "property" is changed to "lots" throughout, although the physical real estate referred to is the same. [*Compare* Doc. No. 43, at ¶ 10, *with* Doc. No. 64 at ¶ 10]. There are other changes in the fourth amended complaint that amount to minor stylistic changes such as reordering of sentences and paragraphs or changes in language and phrasing that are not substantively relevant to the trustee's motion to intervene.

The plaintiff's primary argument for reconsideration is that he no longer seeks relief against Emma Casey. [Doc. No. 58, at 1, 4, 6-7]. This argument fails for two reasons. First, it is not entirely clear that the plaintiff no longer seeks relief against Mrs. Casey. To be sure, the style of the case has changed. The third amended complaint named as defendants "Emma P. Casey and B. Allen Casey, individually, jointly, severally, d/b/a Casey Family Partnership" [Doc. No. 43, at 1], whereas the fourth amended complaint names "B. Allen Casey, individually, and d/b/a Allen and Emma Partnership with Emma P. Casey." [Doc. No. 64, at 1]. Notably, however, the plaintiff is not dismissing Mrs. Casey as a defendant. Despite her omission in the style of the case, she remains named as a defendant pursuant to Federal Rule of Civil Procedure 19(a), made

6

applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7019. [Doc. No. 64, at ¶ 2]. At the hearing on March 7, 2019, the plaintiff offered dismissal without prejudice as an alternative but explained that it was too early in the litigation to stipulate that he had no cause of action against Mrs. Casey.

Moreover, contrary to the plaintiff's assertion that he has "removed" his claims against her, the fourth amended complaint continues to seek relief against Mrs. Casey in her individual capacity by seeking the imposition of a resulting and/or constructive trust on her assets. [*Id.* at ¶ 62].[3] Thus, while the plaintiff has removed Mrs. Casey in her individual capacity as a named defendant in the style of the case, he has not dismissed his claims against her. Although he may no longer seek an in personam judgment against her, the plaintiff still seeks to reduce her interests in real and personal property through the imposition of a resulting or constructive trust in favor of Mr. Casey, thereby giving Mr. Casey a property interest upon which Mr. Henry may enforce his claim.

The plaintiff alleges he had discussions about the disposition of the property with Mr. Casey from February 2014 to November 2017, a period after this bankruptcy was filed but before the trustee's settlement with Mrs. Casey. [Doc. No. 64, at ¶¶ 10-11]. In those discussions, the plaintiff alleges Mr. Casey disclosed to multiple other parties that he had an understanding with his wife that she would credit bid her debt to help him get the property out of bankruptcy. Once she acquired the property, they would sell it a second time; and Mrs. Casey would give all but

---

[3] The plaintiff seeks "That the Court impose a resulting and/or constructive trust on: (a) said Exhibit B (Tract B) real estate titled in the name of Emma Casey (b) that the Defendants be required to account for their interests in AEP and such interests of Allen be held in resulting and/or constructive trust for Plaintiff; and (c) that court impose a resulting and/or constructive trust for Plaintiff to recover all money, notes, accounts payable, claims, assignment and assets in Defendants' name and/or possession or that is/are owned by, payable to, owed to and/or due to B. Allen Casey or that can be traced to the Defendant Allen, be used to satisfy all or any part of the damages awarded to Plaintiff." [Doc. No. 64, at ¶ 62].

$1,000,000 of the proceeds to Mr. Casey. [*Id.* at ¶¶ 11-12]. The fourth amended complaint seeks to use a constructive or resulting trust theory to enforce this understanding for the plaintiff's benefit. [*Id.* at 12-13]. That is not the settlement this court approved nor one that Mrs. Casey's counsel states exists. If the court is called upon to determine whether Mrs. Casey had an agreement other than what this court approved, the trustee's interest is directly affected. The complaint repeatedly states that Mrs. Casey was advised she was free of the claims of RCR's creditors, but Mr. Henry continues to seek to collect his fees from her assets. If he is successful, the terms of the court's order are directly involved.

The plaintiff's argument for reconsideration also fails because inasmuch as he has "removed" his claims against Mrs. Casey, such removal has little legal significance with respect to the trustee's interest in this case. The ostensible removal of the plaintiff's claims against Mrs. Casey does not change the factual or legal basis upon which the court based its decision that the trustee has a substantial legal interest which is inadequately represented and which may be impaired absent intervention. Critically, the fourth amended complaint has not cured the issue that was central to the court's decision to allow the trustee to intervene. The thrust of the plaintiff's new complaint still drives straight through this court's prior orders which form the basis of the trustee's interest in intervention.

As the court explained in its prior opinion, issued orally on January 3, 2019:

> The trustee argues that he "entered into a compromise and settlement of some or all of the claims being asserted in this case with some of the Defendants." [Doc. No. 4, at 3]. He contends that, "[u]pon settlement with the Trustee, the plaintiff would no longer be able to assert those claims." [*Id.*]. Further, the trustee argues that he filed a motion to sell the property free and clear of liens to [American River Development], which was approved by the court on November 21, 2017, and that such sale was free of the claims now being asserted by the plaintiff.

> The court agrees with the trustee. The plaintiff has amended his [complaint] several times. The version removed to this court alleged a long relationship of transactions between Mr. Casey and his family members during attempts to develop the property. The plaintiff extrapolated from Mrs. Casey's financial support of the business that a partnership existed between her and Mr. Casey that involved the development of the property and that the partnership existed during the period when he was providing legal services to RCR. He ask[s] the trier of fact to find that the Caseys were involved jointly in the business and that their relationship was a general partnership for whom the plaintiff performed legal work. Under the plaintiff's theory, Mrs. Casey would then be a general partner of an entity that received the benefit of the plaintiff's legal work and would be individually liable for the debts of the partnership.
>
> This is not a new theory. The trustee asserted this same theory on behalf of all of the creditors of the estate in his negotiations with Mrs. Casey and the other family members. He raised the issues of implied partnership and recharacterization of their debt according to his motion to settle. He ultimately settled those claims with Mrs. Casey and the other family members. The settlement was approved by the court, and the order approving the settlement has become final. Mr. Henry objected, and the court overruled that objection. Mr. Henry did not appeal.
>
> To the extent that the plaintiff seeks to relitigate those issues, his lawsuit clearly implicates the settlement and the effect of this court's settlement order. The trustee would have a significant legal interest in a lawsuit that would seek to undermine the consideration for a settlement that is the cornerstone of any distribution in the debtors' chapter 7 case.

[Oral opinion delivered on January 3, 2019, at 11:24:14−11:26:39].

The court finds that these same concerns persist in the plaintiff's fourth amended complaint. The factual allegations made in the plaintiff's lawsuit, which by and large have not changed through any version of his complaint, require this court to interpret its settlement and sale orders. This is true whether the plaintiff is seeking relief against Mrs. Casey in her individual capacity or whether, as still remains the case here, the plaintiff is seeking relief against the alleged partnership for actions taken by the partners or the partnership before settlement of those claims by the trustee.

As the court explained in its earlier oral opinion:

9

> The court repeatedly asked Mr. Henry at oral argument what theory he was pursuing against the defendants that did not involve actions taken during the period prior to the settlement. The court is not satisfied that he articulated such a theory. Each time he tried, he referenced pre-settlement conduct by Mr. Casey, Mrs. Casey, or himself. Mr. Henry may ultimately be able to articulate such a theory at some point in this litigation, but at this time, the court finds that there is a sufficient risk that [this] lawsuit will involve pre-settlement claims and conduct. The plaintiff's partnership theory may jeopardize the trustee's legal settlement or upset final orders of this court to which the trustee was a party. Therefore, the court concludes that the trustee does have a significant legal interest in this litigation.

[Oral opinion delivered on January 3, 2019, at 11:31:22–11:32:13].

The plaintiff cites the trustee's argument during a hearing held on September 27, 2018, to support his contention that the trustee has no interest in a suit that is solely against Mr. Casey and his assets. [Doc. No. 58, at 5]. The trustee indicated that he would not have an interest in a state court action against Mr. Casey based on his being an obligor on the promissory note and that "[a]nything Mr. Casey purchases, buys or owns is subject to Mr. Henry's claims." [*Id.*]. The court agrees with the trustee's assessment in theory but finds that it is not the situation presented in the plaintiff's latest complaint. The plaintiff is still seeking to have a court equitably create property interests in favor of Mr. Casey from Mrs. Casey's assets upon which the plaintiff can execute. The basis for the exercise of these equitable remedies is grounded in pre-settlement claims that implicate the court's settlement and sale orders. To the extent that the plaintiff asserts those claims, the trustee has a significant legal interest entitling him to intervene.

### IV. Conclusion

For the reasons stated above, the court will deny the plaintiff's motion to reconsider. A separate order will enter.

# # #