**SO ORDERED.**
**SIGNED this 17th day of May, 2019**

_____
Shelley D. Rucker
**UNITED STATES BANKRUPTCY JUDGE**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR**
**THE EASTERN DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| In re: | ) | |
| River City Resort, Inc., | ) | No. 1:14-bk-10745-SDR |
| | ) | Chapter 7 |
| Debtor; | ) | |
| James L. Henry, | ) | Adv. No. 1:18-ap-1029-SDR |
| Plaintiff; | ) | |
| v. | ) | |
| B. Allen Casey, individually, and d/b/a Allen and Emma Partnership with Emma P. Casey, | ) | |
| Defendants; | ) | |
| Jerrold D. Farinash, Trustee, | ) | |
| Intervenor-Defendant; | ) | |
| v.    James L. Henry, | ) | |
| Counter-Defendant. | ) | |

**ORDER AND MEMORANDUM**

1

**I.      Summary**

Pending before the court is the plaintiff's "Motion to Abstain from Adversary Proceeding and Remand to State Court." [Doc. No. 65]. In his motion, the plaintiff requests that the court abstain from hearing this adversary proceeding under the doctrine of mandatory abstention. [*Id.* at 5]. The plaintiff further requests that, to the extent the court concludes that mandatory abstention does not apply, the court should abstain from hearing this matter under the doctrine of permissive abstention. [*Id.* at 9]. Finally, the plaintiff requests that the court consider granting an equitable remand. [*Id.*]. Neither the defendants nor the chapter 7 trustee, who intervened as a party in this adversary proceeding, filed a response. Despite the lack of a response in opposition to this motion, after reviewing the plaintiff's brief, the court finds that it would be inappropriate to grant the plaintiff's request for abstention. For the reasons stated below, the plaintiff's motion for abstention and remand [Doc. No. 65] is DENIED.

These are the court's findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052. As explained in more detail below, the court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(N) and (O).

**II.     Analysis**

28 U.S.C. § 1334(c) governs abstention and provides as follows:

(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

2

28 U.S.C. § 1334(c)(1)-(2). 28 U.S.C. § 1334(c)(1) covers permissive abstention and 28 U.S.C. § 1334(c)(2) describes mandatory abstention.

### A. *Mandatory Abstention*

The Sixth Circuit has articulated the following test for mandatory abstention:

> [A] proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding.

*Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Connecticut (In re Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996).

The court will not repeat its recitation of the background facts and procedural history in this case, which it set out in detail in its prior oral opinion granting the trustee's motion to intervene issued on January 3, 2019, and in its memorandum opinion denying the plaintiff's motion to reconsider issued March 13, 2019. [Doc. No. 78]. Suffice to say that the court has previously found that the plaintiff's fourth amended complaint [Doc. No. 64] relies on a partnership theory of liability that implicates certain orders of this court by which the court permitted the chapter 7 trustee to settle claims and sell property of the estate. The court found that, in order for the plaintiff to prove his case, the court must interpret these orders. Additionally, the plaintiff's alleged violation of these orders forms the factual basis for the counterclaim filed by defendant Emma Casey. [Doc. No. 34 at 8]. It was the existence of these orders which led the court to find that this adversary proceeding is a core proceeding and that the court's basis for jurisdiction is found in 28 U.S.C. §§ 1334 and 157(b)(2)(N) and (O). [Doc. No. 78, at 1-2].

"[C]ore proceedings are those that arise in a bankruptcy case or under Title 11." *Stern v. Marshall*, 564 U.S. 462, 476, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011). The Bankruptcy Code defines "core proceedings" to include, among other things, "'matters concerning the administration of the estate' [and] 'orders approving the sale of property other than property resulting from claims

3

brought by the estate against persons who have not filed claims against the estate.'" *Id.* at 474 n.3 (quoting 28 U.S.C. § 157(b)(2)).

Contrary to the plaintiff's contention that his amended complaint "does not have any effect" on the court's prior orders approving the settlement and sale of estate property [Doc. No. 65, at 4], the court previously found that the plaintiff's claims require the court to interpret and enforce its own orders. The interpretation and enforcement of a bankruptcy court order entered in a core proceeding is itself a core proceeding. *See, e.g., White v. FCA US, LLC*, No. 17-12320, 579 B.R. 804, 812 (E.D. Mich. Nov. 16, 2017) ("[T]here is no basis for mandatory abstention under section 1334(c)(2), because the interpretation and enforcement of provisions of a bankruptcy order of sale is a 'core proceeding' implicating the administration of the estate or enforcement of an order for sale of property."); *Powell v. FCA US, LLC*, No. 3:15-cv-393-WHA, 2015 WL 5014097, at *4 (M.D. Ala. Aug. 21, 2015) (collecting cases finding that "where a proceeding requires the interpretation and potential enforcement of a sale order, that proceeding constitutes a core proceeding."). Accordingly, because this adversary proceeding is a core proceeding, the court finds that mandatory abstention is not applicable.

### B. *Permissive Abstention*

The plaintiff's motion also requests that, even if the court does not find the mandatory abstention doctrine applicable, the court abstain from hearing this proceeding pursuant to the permissive abstention doctrine under 28 U.S.C. § 1334(c)(1). [Doc. No. 65, at 9]. A bankruptcy court may abstain from both core and non-core proceedings under this doctrine. *In re McKenzie*, 471 B.R. 884, 912 (Bankr. E.D. Tenn. 2012) (citing *Beneficial Nat'l Bank USA v. Best Reception Sys., Inc. (In re Best Reception Sys., Inc.)*, 220 B.R. 932, 952 (Bankr. E.D. Tenn. 1998)). Bankruptcy courts in the Sixth Circuit have outlined a list of twelve factors to consider when determining whether permissive abstention is appropriate:

4

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C.A. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Id.* (citing *In re Best Reception Sys., Inc.*, 220 B.R. at 953).

Upon consideration of these factors, the court finds that they do not weigh in favor of permissive abstention. Abstention would not assist in the efficient administration of the estate. The estate has largely been administered and to the extent that this adversary proceeding delays further administration, this court is in the best position to resolve the matter expeditiously because any resolution ultimately lies with the court's interpretation and enforcement of its own orders. The plaintiff has couched his complaint in terms of state implied partnership law; however, the court finds that state law issues do not predominate over the bankruptcy issues presented. To the extent that the court must interpret its orders, those issues must be resolved before the state law issues are addressed. Nor does the court find there to be any difficulty or unsettled nature as to the applicable law. This adversary proceeding does not appreciably increase the burden on the court's docket. Although there are non-debtor parties named as defendants, they have not stated any support or opposition to the plaintiff's motion for abstention. In fact, Mrs. Casey appeared in court through counsel in support of the trustee's efforts to enforce the releases in the sale order to stop the plaintiff's litigation. There is no related proceeding that the court is aware of in state court, nor does the court find the severing of state law claims to be feasible before the court determines the issues related to its orders.

The court notes that the plaintiff has requested a jury trial. [Doc. No. 1-2, at 15; Doc. No. 64, at 13]. The issue of whether the plaintiff is entitled to a jury trial is not before the court, and the court will, therefore, not make a determination on that issue at this time. However, the court notes that the plaintiff has not yet demonstrated that he has such a right in this case. The plaintiff asks for a determination of his guaranty claim against Mr. Casey, but that determination is related to his claim against the primary obligor, which is the debtor. The plaintiff filed a claim in this case, and his right to a jury trial on that issue is in question. *See Frost Inc. v. Miller, Canfield, Paddock & Stone, P.C. (In re Frost, Inc.)*, 145 B.R. 878, 882 (Bankr. W.D. Mich. 1992) (holding that "a jury trial is unavailable when the cause of action concerns the determination of the creditor's rights against the bankruptcy estate through the claims allowance or disallowance process.") (citing *Katchen v. Landy*, 382 U.S. 323, 337, 86 S. Ct. 467, 15 L. Ed. 391 (1966)). Additionally, the second count in the plaintiff's fourth amended complaint asks the court to impose a constructive trust on the assets of Mrs. Casey. [Doc. No. 64, at 8]. The Seventh Amendment generally does not support a right to a jury trial for equitable relief. *See* 47 AM. JUR. 2D *Jury* § 28 (2019). Furthermore, as noted above, the federal bankruptcy law issues presented with respect to the interpretation and enforcement of the court's orders must be resolved before any state law issues. Accordingly, although the court does not make a determination as to whether the plaintiff is entitled to a jury trial at this time, the court finds that the plaintiff's jury demand does not outweigh the other factors in this case.

The court is also concerned that the plaintiff is forum shopping. The court's concern is based primarily on the multiple party dismissals and amendments the plaintiff has made to his complaint, which seem purposefully designed to artfully plead around prior statements the court made from the bench and in its prior rulings as well as statements made in court by the trustee. In the court's view, the plaintiff is attempting to articulate a cause of action lying solely in state law

to avoid implicating the court's prior orders. His fourth amended complaint fails to do so. Accordingly, the court denies the plaintiff's request for permissive abstention.

### C. Equitable Remand

Finally, the plaintiff asks the court to equitably remand this case. [Doc. No. 65, at 9]. A bankruptcy court may remand a claim or cause of action on any equitable ground. 28 U.S.C. § 1452(b). The court may consider a variety of factors.

> Factors to consider in deciding whether to equitably remand a case include: 1) duplicative and uneconomical use of judicial resources in two forums; 2) prejudice to the involuntary removed parties; 3) forum non conveniens; 4) the state's ability to handle a suit involving questions of state law; 5) comity considerations; 6) lessened possibility of an inconsistent result; and 7) the expertise of the court in which the matter was originally pending.

*In re River City Resort, Inc.*, Case No. 14-10745, Adv. Nos. 14-1027, 14-1028, 2014 WL 3700564, at *11 (Bankr. E.D. Tenn. July 24, 2014) (quotations omitted)

The plaintiff contends that "[t]he analysis for equitable remand is largely the same as that for permissive abstention." [Doc. No. 65, at 9]. He makes the same argument and does not make an additional argument specific to these factors. Accordingly, for the same reasons it denied the plaintiff's request for permissive abstention, the court denies his request for equitable remand.

### III. Conclusion

For the foregoing reasons, the plaintiff's "Motion to Abstain from Adversary Proceeding and Remand to State Court" [Doc. No. 65] is DENIED.

# # #