**SO ORDERED.**
SIGNED this 16th day of November, 2020

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



/s/ Shelley D. Rucker
Shelley D. Rucker
CHIEF UNITED STATES BANKRUPTCY JUDGE

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **In re:** | |
| **River City Resort, Inc.,** | No. 1:14-bk-10745-SDR |
| Debtor. | Chapter 7 |
| | |
| **James L. Henry,** | |
| Plaintiff, | |
| v. | Adv. No. 1:18-ap-01029-SDR |
| **Emma P. Casey and** | |
| **B. Allen Casey, individually,** | |
| jointly, severally, | |
| d/b/a Casey Family Partnership, | |
| Defendants; | |
| **Jerrold D. Farinash, Trustee,** | |
| Intervenor-Defendant, | |

|                              |   |
|------------------------------|---|
| **v.**                       | ) |
|                              | ) |
| **James L. Henry,**          | ) |
|                              | ) |
| **Counter-Defendant.**       | ) |

## MEMORANDUM AND ORDER

In this adversary proceeding, plaintiff James L. Henry ("Henry") sued Emma P. Casey ("Emma") and B. Allen Casey ("Allen") for breaching a promissory note of over $182,000; Henry alleges that Allen signed the promissory note to cover fees for legal services that Henry provided during real estate and other transactions for debtor River City Resort, Inc. Henry seeks liability for the contractual breach and damages including the equitable remedy of a constructive trust. Except for the background facts recited below, and for the sake of brevity, familiarity is presumed for the complex history of proceedings in both the main bankruptcy case and its adversary proceedings. Currently pending before the Court are two procedural motions filed by the Chapter 7 Trustee, the Intervenor-Defendant here. The Chapter 7 Trustee has filed a motion (Doc. No. 138) for an extension of time to file a response to Henry's motion for summary judgment on the trustee's counterclaim. The Chapter 7 Trustee also has filed a motion (Doc. No. 139) to continue the trial date in this case, currently set for January 11, 2021. In short, the Chapter 7 Trustee seeks additional time to oppose summary judgment and to prepare for trial because he has not completed his discovery and because discovery, motion practice, and trial preparation have been complicated by the ongoing COVID-19 pandemic. Henry opposes both motions because the Court's scheduling order set October 16, 2020 as the deadline for discovery; and because he worked diligently to conduct discovery under the existing deadline, while the

Chapter 7 Trustee did not even serve initial disclosures let alone any other discovery demands before the deadline.

The Court has previously found that it has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(N) and (O). (Doc. No. 85 at 2.) The Court held telephonic hearings for the pending motions on November 4 and 12, 2020. For the reasons below, the Court grants both motions.

## BACKGROUND

*Summary of Initial Proceedings*

The Court will not repeat the entire procedural history here, but there has been considerable confusion throughout this case as to whom Henry is suing, and why. The identity of some of the named parties is unclear. Henry commenced this case by filing his original complaint on August 13, 2018. (Doc. No. 1.) Henry later amended his complaint three times—on October 18, 2018 (Doc. No. 24); on December 24, 2018 (Doc. No. 43); and on February 25, 2019 (Doc. No. 64). The fourth amended complaint[1] currently is the operative complaint. The fourth amended complaint named three defendants, as follows: "B. ALLEN CASEY, individually, and d/b/a ALLEN AND EMMA PARTNERSHIP with EMMA P. CASEY." (Doc. No. 64 at 1.)

The fourth amended complaint contained two counts. In Count I, Henry accused Allen of breaching the terms of a promissory note that Allen cosigned to pay for Henry's attorney fees.

---

[1] The numbering of pleadings is an additional layer of confusion here. So far, Henry has filed one original complaint and three amendments. The current operative pleading would more accurately be titled the "third amended complaint," but for the sake of consistency, the Court will continue to refer to it as the fourth amended complaint.

3

Count I also contained an allegation that Emma created a partnership with Allen in such a way that she also faces liability for Allen's contractual breach. The claim against Allen is supported by a guaranty, but whether a partnership existed between Allen and Emma, and whether that partnership would be liable to Mr. Henry, are issues at the heart of the defense. In Count II, Henry asserted that Emma and Allen created a partnership that owned certain parcels of real property and that Henry is entitled to a constructive trust that would govern the real property and other assets of Emma and Allen as needed to satisfy their liability. On July 16, 2019, Henry filed a notice of dismissal (Doc. No. 90) to dismiss Allen from the case entirely, but procedural defects prompted the filing of a motion and then an amended motion to dismiss. (Doc Nos. 96, 97.) The amended motion to dismiss contained the following confusing proposal for what Henry would pursue and what he would abandon in this case:

1. An Order dismissing all of Plaintiff's claims against Emma Casey for post-petition causes of action, as stated in the fourth amended complaint, without prejudice.

2. An Order dismissing without prejudice all claims against Allen and Emma Partnership as claimed in the fourth amended complaint.

3. To clarify, Plaintiff's dismissal of Emma Casey without prejudice does not waive any of Plaintiff's prepetition causes of action which he may have as they relate to his defenses and as third party Plaintiff in defending the Trustee's counterclaim against him for being in an alleged partnership with the Debtor. He has not yet alleged these in this suit, but if he is a partner with the prepetition Debtor, so was Emma Casey. He therefore makes this Motion to Dismiss with full reservation and without waiver of Plaintiff – Counter Defendant's rights, claims and defenses that he may have against Emma Casey in defending Trustee's counter-claim against him.

(Doc. No. 97 at 2.) The Chapter 7 Trustee in the main case opposed the dismissal. (Dkt. No. 109.) According to the Chapter 7 Trustee, "Mr. Henry has never pleaded any facts which would show there are post-petition claims against Mrs. Casey. In all of the Complaints and Amended

4

Complaints filed by the Plaintiff, the facts always trace back to the Plaintiff's prepetition claim. Henry's attempt to dismiss some or all of his claims without prejudice while at the same time 'reserving claims and defenses' shows what he has represented to the Court many times: That he wants out of Bankruptcy Court and back to State court. It seems abundantly clear that Mr. Henry will simply wait out the current litigation against him and the closing of the underlying Chapter 7 and then file suit in State court." (*Id.* at 2.)

The Court ultimately denied the motion without prejudice on April 23, 2020. (Doc. No. 123.) The net effect of all the proceedings summarized above is that the litigation has moved forward. In the fourth amended complaint, Henry makes claims against Emma and the "Allen and Emma Partnership" on liability theories related to breach of contract, assumption of liability, and the equitable remedy of a constructive trust. In the counter-complaint, the Chapter 7 Trustee makes his own claims about Henry's role in real estate development of the debtor.

*Pretrial Discovery and Proceedings*

After the Court resolved initial dispositive motions, it issued a Civil Rule 16(b) (via Bankruptcy Rule 7016) scheduling order on May 22, 2020. (Doc. No. 127.) Among other requirements, the scheduling order required the parties to complete Civil Rule 26(a)(1) initial disclosures by June 19, 2020. The scheduling order also clarified that "[d]iscovery is to be completed by October 16, 2020, unless counsel extend the discovery cutoff date by agreement or the court for good cause shown extends the deadline. This discovery cutoff date is the last date for serving responses to discovery requests. To be timely, therefore, discovery requests must be served sufficiently in advance of the deadline for responses to be made." (*Id.* at 3.) The Court set October 23, 2020 as the deadline for dispositive motions.

Only recently did the Court realize that problems had arisen with compliance with the scheduling order.  On October 8, 2020, in advance of the October 23 deadline, Henry filed a motion for summary judgment on the Chapter 7 Trustee's claim of implied partnership. (Doc. No. 135.)  In the sole count of the counterclaim, the Chapter 7 Trustee alleged that Henry was not paid regularly for hourly legal services; instead, "Mr. Henry, was an implied partner of the Debtor, and therefore should be held responsible for one half of the debt owed by Emma Casey and the Barge creditors." (Doc. No. 89 at 7–8.)  On October 26, 2020, the Chapter 7 Trustee filed a motion for an extension of time to respond to Henry's motion for summary judgment. (Doc. No. 138.)

Since the motion for an extension of time came after the October 16, 2020 deadline for discovery, two statements in the motion drew the Court's immediate attention.  First, the Chapter 7 Trustee asserted that "[d]ue to the recent public health crisis, the parties are not able to conduct in-person discovery." (*Id.* at 2.)  The Court's concern is that the Chapter 7 Trustee raised this concern after the deadline for discovery had run.  The docket does not show any requests for extensions, let alone pandemic-related extensions, between May 22 and October 16, 2020.  Second is the Chapter 7 Trustee's assertion that he issued interrogatories to Henry during the week of October 26, 2020—at least 10 days after the deadline for discovery to conclude.  At a hearing on the pending motions on November 12, 2020, the Chapter 7 Trustee conceded that he had not tried to conduct discovery after the conclusion of the mediation in early August.  The Chapter 7 Trustee insisted that he wanted to take Henry's deposition in person.  Related to the motion for an extension of time was a motion (Doc. No. 139) to continue the trial date, currently set for January 11, 2021.

Henry opposes both motions, asserting for the first time—the docket does not show any prior motions to compel—that the Chapter 7 Trustee failed to conduct any discovery while he diligently followed the scheduling order:

> Paragraph 1 of the Scheduling Order states: "Any party that has not heretofore filed a statement in compliance with Federal Rule of Bankruptcy Procedure 7008 shall do so within 14 days of entry of this order." This relates to consent to this court entering final orders in the case. The Trustee has never complied with that provision of the Scheduling Order. Henry did so in his Answer to Counter Complaint [Doc. #125]. Next, Paragraph 3 of the Scheduling Order states: "The initial disclosures in compliance with Rule 26 (a)(1) of the Federal Rules of Civil Procedure shall be made by June 19, 2020." The Trustee has never filed or served initial disclosures. Henry did so on June 19, 2020 [Doc. #131]. Then, Paragraph 7 of the Scheduling Order states: "Discovery is to be completed by October 16, 2020. . . ." The Trustee did even not serve written discovery to Henry until October 26, 2020, which was ten days after the discovery deadline date. He has never yet tried to set up any depositions. Henry conducted discovery within the time allowed by the Court.

(Doc. No. 143 at 3.) At the November 12, 2020 hearing, the parties agreed that any change to the trial date in this case would warrant a change in Adversary Proceeding No. 18-ap-1044, because both adversary proceedings should be tried together and currently have the same trial date.

The Court recognizes mitigating factors exist for the trustee's delay. The scheduling order was issued on May 22, 2020, after worldwide logistical effects of the pandemic had begun but at a time when the public hoped that the shutdown efforts, summer weather, and medical breakthroughs would return court operations to normal within a few months. That has not proved to be the case. Also during this period, the parties attempted unsuccessfully to resolve their claims and causes of action by court-ordered mediation, which took place from May to August. (Doc. No. 128; Adv. Pro. No. 18-ap-1044, Doc. No. 43.)

At the November 12, 2020 hearing, the Court learned that Emma passed away on May 15, 2020, about a week before the scheduling order was entered; and that there had been some uncertainty as to what position her successor in interest had taken in the past or would take in this litigation. Emma's counsel explained in the call that only recently had he received direction as to who would succeed Emma as the party in interest. However, nothing to evidence the identity of that party has been filed with the Court. At the hearing, the Court learned that Allen also had passed away, on July 30, 2020, raising the same issues about the successor to his interests. The Chapter 7 Trustee further informed the Court that he is recovering from COVID-19, and the Court takes judicial notice that all the surviving parties to the litigation and their lead counsel are over age 60.

## DISCUSSION

"[A] district court has broad discretion to manage its docket." *Am. Civil Liberties Union of Kentucky v. McCreary Cty., Ky.*, 607 F.3d 439, 451 (6th Cir. 2010) (citation omitted); *see also Heller Fin., Inc. v. Pandhi*, 888 F.2d 1391 (6th Cir. 1989) (table case) ("Motions for a continuance are addressed to the sound discretion of the district court. The trial judge's discretion in this area is broad."); *Myers v. Ostling*, 284 B.R. 614, 619 (E.D. Mich. 2002) (applying the same discretion to bankruptcy courts). Here, several circumstances favor an extension of time to respond to the motion for summary judgment and a continuance of the trial date. Henry's motion for summary judgment would, if granted, negate the Chapter 7 Trustee's counterclaim that "[t]he work Jim Henry performed on behalf of the Debtor and Mr. Casey, in essence, consisted of capital contributions to the company. Other than the occasional promissory note, or deed of trust executed, he was not being paid regularly for his hourly expenses for legal services." (Doc. No. 89 at 6.) Eliminating the counterclaim potentially would have a significant

impact on the course of the trial, and the Chapter 7 Trustee should be heard fully before the Court made such an important ruling. *Cf. Rhinehart v. Scutt*, No. 2:11-CV-11254, 2017 WL 2242391, at *2 (E.D. Mich. May 23, 2017) (adjourning a trial date generally after granting leave to file a second summary-judgment motion); *Salem v. Warren*, No. 10-CV-11943, 2014 WL 12651680, at *2 (E.D. Mich. Mar. 4, 2014) (adjourning trial pending resolution of summary-judgment motion in part because "[t]he Court also recognizes the value of a summary judgment motion in narrowing issues that could be raised at trial"). Hearing fully from the parties also will require time to schedule a hearing on the motion and time for the Court to consider all of the arguments that the parties will have made. Giving the parties and their arguments due consideration will not leave time for trial briefing, exhibit preparation, and final pretrial conferences before the current trial date. With respect to the ongoing pandemic, the bankruptcy judges of this District just recently decided that teleworking for District employees and remote proceedings for practitioners and litigants will continue at least through mid-January 2021. Given the Court's concern regarding live proceedings, fairness and consistency warrant extending the same protections to these parties. Finally, an extension of time will give the parties a chance to confer about the impact of Emma's and Allen's deaths on the case and what steps might need to be taken as a result, including any measures that might be necessary under Civil Rule 25(a) (made applicable via Bankruptcy Rule 7025).

As a result of the decision to cancel the trial date and on the circumstances cited above, the Court will also grant an extension of time for the Chapter 7 Trustee to respond to Henry's motion for summary judgment.

The Court advises the parties that it is only adjourning the trial date and granting more time for a response to the motion for summary judgment. Both motions imply that additional

9

time for discovery might be necessary, but no formal request to reopen discovery is currently before the Court.  The Court will address whether to reopen discovery upon the filing of an appropriate motion that, *inter alia*, explains the failure to seek additional time before the discovery deadline of October 16, 2020.

## CONCLUSION

For all of the foregoing reasons, the Court grants the motion for an extension of time to respond to the pending motion for summary judgment.  (Doc. No. 138.)  The Chapter 7 Trustee will file any responding papers within 30 days of entry of this Order.  The Court also grants the motion to continue the trial date.  (Doc. No. 139.)  For now, the trial and associated deadlines (Doc. Nos. 127, 132) will be adjourned until further order of the Court.  The Court will adjourn the trial date and associated deadlines in Adversary Proceeding No. 18-ap-1044 as well.

# # #